# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 06-5895 ABC (RCx) |
| Title | Haris Tajyar v. STG Secure Trading Group, Inc., et al. |
| Date | June 18, 2007 |

Priority Send

Send ✓
Enter ✓
Closed
JS-5/JS-6  NO
JS-2/JS-3
Scan Only

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

Present: The Honorable Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER RE: Defendants' Motion for Stay of Enforcement or Modification of Preliminary Injunction (In Chambers)

Pending before the Court is Defendants STG Secure Trading Group, Inc. ("STG"), Secure Financial Assets, Inc. ("SFA") and Alan Weiner (collectively, "Defendants") Motion for Stay of Enforcement or Modification of Preliminary Injunction, filed on May 18, 2007. Plaintiff Haris Tajyar ("Plaintiff") opposed on June 4, 2007 and Defendants replied on June 11, 2007. This matter was set for hearing on June 18, 2007, but the Court found the motion appropriate for submission without oral argument and took the matter under submission on June 15, 2007. See Fed. R. Civ. Pro. 78; Local Rule 7-15. The Court hereby DENIES Defendant's motion.

On February 20, 2007, the Court entered a preliminary injunction against Defendants and Defendant Scott Budner ("Budner"). The Court's order was the result of a November 30, 2006, motion for a preliminary injunction by Plaintiff against all four Defendants. In the February 20, 2007 Order, the Court set out the factual background and the legal justification for imposing a preliminary injunction, which the Court adopts for the purposes of this Order.

In the February 20, 2007 Order, the Court stated:

> Defendants are ORDERED to immediately segregate $500,000.00 of the Plaintiff Funds from the general inventory of STG, and to place it into a separate interest bearing account for the benefit of Plaintiff. Defendants are to submit to the Court documentary proof of the establishment of this account, accompanied by a declaration under penalty of perjury, within ten (10) days of the date of this Order.

(February 20, 2007 Order at 8.) On March 22, 2007, Plaintiff moved this Court to issue an Order to Show Cause why Defendants and Defendant Budner should not be held in contempt for their failure to comply with the Court's February 20, 2007 Order granting Plaintiff's Motion for Preliminary Injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5895 ABC (RCx) | Date | June 18, 2007 |
|---|---|---|---|
| Title | Haris Tajyar v. STG Secure Trading Group, Inc., *et al.* | | |

As a result, on March 23, 2007, the Court issued an Order to Show Cause for this purpose.

Defendants STG, SFA and Weiner opposed on April 19, 2007, and Defendant Budner opposed on April 9, 2007. Plaintiff replied on April 16, 2007. The Court held a hearing on Monday April 30, 2007 at which Plaintiff and Weiner both testified, and the Court heard arguments from all parties, including arguments by Defendants that the Court's February 20 Order required tracing and they were unable to trace Plaintiff's funds and could not segregate them. The Court issued an Order re Contempt on April 30, 2007 against Defendants STG, SFA, and Weiner. Then, on May 9, 2007, Defendants filed an ex parte application to stay enforcement pending Defendants' appeal of the April 30, 2007 Order. On May 11, 2007 the Court vacated its April 30 order and issued a new Order re Clarification of Preliminary Injunction, the subject of the current motion. In that Order the Court rejected Defendants' tracing argument and stated:

> Defendants, jointly and severally, are ORDERED to immediately place $500,000 into a separate interest bearing account for the benefit of Plaintiff. The funds placed in the account by Defendants <u>need not be traceable to Plaintiff</u>. Defendants are to submit to the Court documentary proof of the establishment of this account, accompanied by a declaration under penalty of perjury, within ten (10) days of the date of this Order.

(May 11, 2007 Order at 5:10-16 (emphasis in original).) The Court also dismissed Defendants' ex parte application for a stay as moot.

Defendants have again moved the Court to stay enforcement of the May 11 Order. To obtain a stay of enforcement of preliminary injunction, Defendants must establish the same criteria as obtaining a preliminary injunction. See Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). Therefore, Defendants must demonstrate "either (1) a combination of probability of success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Tribal Village of Akutan v. Hodel, 859 F.2d 772 (9th Cir. 1988) (citation omitted).

Defendants' appeal consists of a single point: Plaintiff's Motion for a Preliminary Injunction (and the Court's resulting February 20 Order) sought segregation of $500,000 of "Plaintiff funds" from the general inventory of STG, and therefore, because the Court ordered that the funds to be segregated need not be traceable to Plaintiff, Defendants have been denied due process on this "modified" injunction. Defendants have not demonstrated they will likely prevail on this claim for two reasons. First, the May 11 Order was a non-appealable clarification, rather than an appealable modification of the February 20 Order and Defendants have been afforded ample due process to respond to the Court's February 20 Order. Second, even if the May 11 Order could be considered a modification, Defendants will be given ample notice and a hearing on its alleged impossibility to comply with that Order.

First, the Court's May 11 Order was a clarification, not an appealable modification of the February 20 Order. Modifications of injunctions are appealable orders, while clarifications are not. 28 U.S.C. § 1292(a)(1) ("[T[he courts of appeals shall have jurisdiction of appeals from: Interlocutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5895 ABC (RCx) | Date | June 18, 2007 |
|---|---|---|---|
| Title | Haris Tajyar v. STG Secure Trading Group, Inc., *et al.* | | |

orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."). "Whether an order modifies an existing injunction rather than merely interprets it depends on whether it substantially alters the legal relations of the parties." Cunningham v. David Special Commitment Center, 158 F.3d 1035, 1037 (9th Cir. 1998).

The Court's May 11 Order clarified the relationship of the parties, rather than modifying any of Defendants' obligations. In his motion for a preliminary injunction, Plaintiff sought "a preliminary injunction to enjoin [Defendants] to (a) forthwith return to Tajyar the undisputed amount of $500,000, from the at least $1,763,010 (the 'Tajyar Funds') that Tajyar had delivered to the STG Brokerage Defendants to open a separate brokerage and trading account for Tajyar but which the STG Brokerage Defendants instead secretly put into and commingled with the general inventory of STG . . ." (Mot. for Prelim. Injunction at 1-2.) Plaintiff used the term "Tajyar Funds" (which the Court later adopted as "Plaintiff funds") merely to identify the exact amount of money that Plaintiff initially deposited with STG, which Plaintiff short-handed as "Tajyar Funds" rather than spelling out the specific amount at every reference in his papers. This interpretation makes logical sense since Plaintiff alleges that Defendants commingled his funds, making tracing Plaintiff's funds all but impossible. If the Court were to adopt Defendants' interpretation, the February 20 Order would have no practical effect. The Court simply clarified this understanding at the April 30, 2007 hearing and again in its May 11 Order.

Further, even Defendants had at least some understanding that the injunction did not require tracing. As explained in the Court's May 11 Order, Defendants argued in their motion for reconsideration of the preliminary injunction that compliance with the February 20 Order would cause the Defendants undue hardship if Defendants segregated $500,000.00 from the general inventory of STG because STG would be effectively forced out of business. They asserted no tracing argument, although they certainly could have. Then Defendants changed legal counsel and argued for the first time in their opposition to the Court's Order to Show Cause re: Contempt that the February 20 Order required tracing and Defendants no longer had any of Plaintiff's money. Defendants' retention of new counsel does not alter or erase their prior understanding of the injunction.

Because the May 11 Order merely clarified the February 20 Order, Defendants must demonstrate they have not been given notice and an opportunity to oppose the February 20 Order. "Due process generally requires notice and an opportunity to be heard before a governmental deprivation of a property interest." See Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999). The Court has given Defendants multiple opportunities to oppose the Plaintiff's requested injunction and the resulting February 20 Order:

- On January 17, 2007, Defendants filed an opposition to Plaintiff's motion for a preliminary injunction, arguing that compliance was impossible based on Defendants' financial condition;

- On March 2, 2007, Defendants filed an ex parte application asking the Court to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5895 ABC (RCx) | Date | June 18, 2007 |
|---|---|---|---|
| Title | Haris Tajyar v. STG Secure Trading Group, Inc., *et al.* | | |

reconsider the February 20 Order, arguing again impossibility because of Defendants' financial condition;

- On April 9, 2007, Defendants responded to the Court's order to show cause why they failed to comply with the February 20 Order, arguing for the first time that compliance was impossible because they could not trace Plaintiff's funds; and

- .On April 30, 2007, the Court held a two-hour hearing on Defendants' impossibility claims.

In short, the Court has entertained four rounds of briefing, issued three orders and three minute orders, and held a two-hour evidentiary hearing on April 30, 2007 on Defendants' inability to comply with the February 20 Order. The process the Court has given Defendants in this case has been no less than remarkable and certainly afforded them due process, even under the most generous interpretation.

Finally, even if the May 11 Order could be interpreted as a modification of the February 20 Order, Defendants will be accorded sufficient due process in a contempt proceeding on that Order as modified. On June 12, 2007, the Court issued an Order to Show Cause why Defendants should not be held in contempt for failing to comply with the Court's May 11 Order. The Court set the matter for hearing on July 9, 2007 and gave Defendants the opportunity to file an opposition brief by June 21, 2007. Defendants will have ample opportunity to argue impossibility both in writing and at oral argument, which is all that is required to comport with due process in a contempt proceeding. See International Union, UMWA v. Bagwell, 512 U.S. 821, 831-32 (1994). Therefore, even if the May 11 Order represents a modification, Defendants will be accorded due process to oppose on the ground of impossibility.

The other requirements of a stay are also not met here. Defendants assert that a violation of their constitutional rights is sufficient to constitute irreparable harm, but as discussed above, they have not suffered a deprivation of their rights. Moreover, although Defendants claim they will be put out of business or will violate their fiduciary duties to investors if they comply with the Court's order, they have provided no evidence to suggest that these contingencies would actually occur. Defendants also have not demonstrated that their appeal raises a meritorious -- let alone serious -- legal question and the balance of hardships tips in favor of Plaintiff, who gave $1.7 million dollars over to Defendants and seeks to secure at least a portion of that pending adjudication of his claims. Defendants' hardship comes only in the form of segregating $500,000 for the benefit of Plaintiff, money which belonged to Plaintiff in the first place.

//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5895 ABC (RCx) | Date | June 18, 2007 |
|---|---|---|---|
| Title | Haris Tajyar v. STG Secure Trading Group, Inc., *et al.* | | |

Defendants' motion for a stay is DENIED.

**IT IS SO ORDERED.**

Initials of Preparer